IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 JUN -6 AM 8: 18

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

DAVID JACKSON,

   Plaintiff,

vs.           No. 04-2935-Ma/V

CORRECTIONS CORPORATION
OF AMERICA,

   Defendant.

---

ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

---

Plaintiff David Jackson, Mississippi Department of Correction ("MDOC") prisoner number 39640, an inmate at the Wilkinson County Correctional Facility ("WCCF")[1] in Woodville, Mississippi, filed a pro se complaint under 42 U.S.C. § 1983, along with motions to proceed in forma pauperis and for a preliminary injunction. The plaintiff's claims arise out of his confinement at the WCCF. Because the case is being transferred, the filing fee and preliminary injunction issues should be addressed by the transferee court.

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-6-05



which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff's claims have no connection with Western Division of the Western District of Tennessee. The defendant is a Maryland corporation which is headquartered in Nashville, Tennessee. Plaintiff is confined at the WCCF, a facility owned and operated by the defendant. Therefore, the defendant can be found in Wilkinson County, Mississippi. Furthermore, the allegedly wrongful acts occurred in Wilkinson County. Accordingly, the complaint asserts no basis for venue in the Western District of Tennessee.

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

For the reasons stated, this action should have been brought in the Western Division of the Southern District of Mississippi. 28 U.S.C. § 104(b)(3). Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Southern District of Mississippi, Western Division.

IT IS SO ORDERED this **3d** day of June, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-02935 was distributed by fax, mail, or direct printing on June 6, 2005 to the parties listed.

---

David Jackson
WILKINSON COUNTY CORRECTIONAL FACILITY
39640
P.O. Box 1079
Woodville, MS 39669

Honorable Samuel Mays
US DISTRICT COURT