IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 JUL 11 PM 4:47

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| DAVID JACKSON,<br><br>     Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORP. OF AMERICA,<br><br>     Defendant. | No. 04-2935-Ma/V |

ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

Plaintiff, David Jackson, Mississippi Department of Correction registration number 39640, an inmate at the Wilkinson County Correctional Facility ("WCCF"),[1] in Woodville, Mississippi, has filed a notice of appeal from the Court's order transferring his case to the Southern District of Mississippi, entered on June 6, 2005.

Under 28 U.S.C. § 1291, courts of appeals have jurisdiction only over "final decisions of the district courts . . .." An appeal taken from a nonfinal order is beyond the appellate court's jurisdiction and must be dismissed. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742 (1976); Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155, 1158 (6th Cir. 1988). Knafel defines a final judgment as "one which ends the litigation on the merits

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-12-05

12

and leaves nothing for the court to do but execute the judgment." 850 F.2d at 1159 (citations omitted).

"When an action is transferred it remains what it was and all further proceedings in it are merely referred to another tribunal, leaving untouched whatever already has been done." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3846, at 362 (1986 & Supp. 1999). The order transferring this action is interlocutory and nonappealable. Auerbach v. United States, 347 F.2d 742 (5th Cir. 1965) (per curiam); Lemon v. Druffel, 253 F.2d 680, 683 (6th Cir. 1958), cert. denied, 358 U.S. 821 (1958). As there is no appealable order in this case, the appeal is without any jurisdictional foundation.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Defining the "good faith" standard applicable in this context, the Supreme Court has instructed:

> In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.

Crisafi v. Holland, 655 F.2d 1305, 1306 n.3 (D.C. Cir. 1981) (citing Farley v. United States, 354 U.S. 421 (1951)). An appellant cannot in good faith present a non-frivolous issue when the order from which he seeks to appeal is not appealable.

2

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

In this case, plaintiff has submitted both an in forma pauperis affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial appellate filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the notice of appeal. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the clerk of court. If the funds in plaintiff's account are insufficient to pay the full amount of the partial appellate filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the clerk of court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the

3

clerk of court, until the partial appellate filing fee is paid in full.

It is further ORDERED that, after the partial appellate filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the clerk of this court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $255.00 filing fee is paid.

Each time the trust fund officer makes a payment to the court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name, inmate number and the case number on the first page of this order.

The plaintiff shall cooperate with prison officials in the making of these payments. If plaintiff is transferred to a different prison or released, he is ORDERED to notify the court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk will mail a copy of this order to the official in charge of prisoner trust fund accounts at the WCCF in Woodville,

Mississippi and to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this  11th  day of July, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 2:04-CV-02935 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

David Jackson
WILKINSON COUNTY CORRECTIONAL FACILITY
39640
P.O. Box 1079
Woodville, MS 39669

Honorable Samuel Mays
US DISTRICT COURT